**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES WILSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:13-CV-2257-O** |
| | § | |
| **WELLS FARGO BANK, NATIONAL** | § | |
| **ASSOCIATION,** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the Special Order No. 3-251, this case has been referred for pretrial management. Before the Court is *Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support*, filed June 21, 2013 (doc. 5).  Based on the relevant filings and applicable law, the motion should be **GRANTED.**

## I.  BACKGROUND

This action involves the attempted foreclosure of real property located at 7662 Concordia Lane, Dallas, Texas 75241 (the Property).  (Orig. Compl. (doc. 1-5) at 2.)[1]  On May 31, 2013, James Wilson (Plaintiff) filed this *pro se* action against Wells Fargo Bank, N.A. (Defendant) in the 14th Judicial District Court of Dallas County, Texas.  (*Id* at 1.)

In his verified state court petition, Plaintiff alleges that on August 27, 2004, an individual by the name of Andre Lindsey (Lindsey), acting as "grantor", executed a deed of trust in favor of Access National Mortgage (Access).  (*Id.*)  The purpose of the deed of trust was "to create a lien" on the Property "for security purposes."  (*Id.*)  The deed of trust, referenced within the document as

---

[1]   Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

the "Security Instrument," identified Lindsey as the "Borrower" and Access as the "Lender."  (D. Mot. App. (deed of trust) (doc. 6-2) at 1.)  In essence, the deed of trust "secure[d] to Lender" the repayment of a "debt" for $90,276.00 that was "evidenced" by a promissory note also signed by Lindsey.  (*Id.*)  The deed of trust named Mortgage Electronic Registration Systems, Inc. (MERS) as the nominee for Lender and its successors and assigns and as the beneficiary of the deed of trust. (*Id.*)  As Lender's nominee, MERS had the right to exercise any and all of the interests Borrower granted Lender, including foreclosing and selling the Property upon default and releasing and canceling the deed of trust. (*Id.*)  On June 28, 2011, MERS assigned the deed of trust to Defendant. (D. Mot. App. (assignment) (doc. 6-3) at 1.)  The assignment document was recorded with the Dallas County Clerk.  (*Id.* at 2.)  At some point, an assistant vice-president for Access endorsed the note "without recourse" to Defendant.  (doc. 6-2 at 2.)

According to the complaint, Plaintiff is and has "always been" the legal and equitable owner of the Property.  (doc. 1-5 at 2.)  He allegedly purchased the Property at a foreclosure sale, and his title is evidenced by a recorded "foreclosure sale deed." (*Id.*)  He complains that on May 13, 2013, Defendant issued a "notice of foreclosure" pursuant to the deed of trust, but there was "no assignment of record that [gave] Defendant the right" to do so.  (*Id.*)  To conduct a non-judicial foreclosure sale, he claims, Defendant must first produce the "original real estate lien note[] with the proper endorsements." (*Id.* at 4.)  Without the note, the deed of trust is "null and void and therefore unenforceable." (*Id.* at 3–4.)  Because Defendant "has provided no evidence" showing it is "in fact [the] holder of the note," it has "no authority to collect on the note" and foreclose on the Property.  (*Id.* at 3.)  Plaintiff expressly lists claims for trespass to try title, suit to quiet title, breach of contract, and violations of the Texas Debt Collection Practices Act (TDCPA) and the federal Real

Estate Settlement Practices Act (RESPA).  (*Id.* at 2–7.)  The complaint also appears to assert claims

for fraud and negligence.  (*See id.* at 8.)  He seeks declaratory judgment, injunctive relief, actual and

exemplary damages, attorney's fees, and court costs.  (*Id.* at 7–9.)

On June 4, 2013, the state court issued a Temporary Restraining Order (TRO) enjoining

Defendant and its agents from proceeding with the foreclosure sale and evicting Plaintiff from the

Property.  (D. Mot. App. (doc. 1-7) at 1–3.)  Defendant removed the action to federal court on June

14, 2013, based on federal question jurisdiction and diversity jurisdiction, and moved to dismiss the

complaint a few days later.  (docs. 1 and 5.)  Plaintiff did not respond to Defendant's motion.  The

motion is now ripe for recommendation.

## II.  MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a

claim upon which relief can be granted.  (doc. 5.)

### A.  <u>Rule 12(b)(6) Standard</u>

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be

granted. Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely

granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court

cannot look beyond the pleadings.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert*

*denied*, 530 U.S. 1229 (2000); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  It is

well-established that "*pro se* complaints are held to less stringent standards than formal pleadings

drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Nonetheless, regardless

of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show

specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of*

*LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude

the evidence for purposes of determining the motion.  *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz  Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Documents "attache[d] to a motion to dismiss are [also] considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]."  *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).  Lastly, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Here, Defendant has attached to its motion copies of what it contends are the note and deed of trust Lindsey executed on August 27, 2004.  (docs. 6-1 and 6-2.)  These documents are referenced in Plaintiff's complaint and are central to his theory of the case; they are therefore considered part of the pleadings.  *See Collins*, 224 F.3d at 499.  Defendant also proffers a copy of MERS's assignment of the deed of trust to Defendant on June 28, 2011.  (doc. 6-3.)  The assignment can be judicially noticed because it is a matter of public record whose contents cannot reasonably be disputed.  *See Norris*, 500 F.3d at 461 n. 9; *see also* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose

accuracy cannot reasonably be disputed").  Conversion of the motion to dismiss into a motion for summary judgment is therefore unnecessary.  *See Collins*, 224 F.3d at 499; *Norris*, 500 F.3d at 461 n. 9.

**B.**     **Lack of Standing**

According to Defendant, all of Plaintiff's claims are premised on his "misplaced contention that [Defendant] is not entitled to enforce the Note and/or Deed of Trust" by foreclosing on the Property.  (doc. 5 at 8.)  It moves to dismiss the complaint on grounds that Plaintiff lacks standing to challenge Defendant's right to foreclose under the deed of trust because he "is not a party to the loan in dispute."  (*Id.* at 10–11.)

In Texas, "[a]s a general rule, only the mortgagor or a party who is in privity with the mortgagor has standing[2] to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust."  *Reeves v. Wells Fargo Home Mortgage*, No. 12-50815, 2013 WL 5960685, at *3 (5th Cir. Nov. 8, 2013) (citing *Goswami v. Metro Savings & Loan Association*, 751 S.W.2d 487, 489 (Tex.1988)).  "[W]hen [a] third party has a property interest, whether legal or equitable, that will be affected by such a sale, the third party has standing to challenge such a sale to the extent that its rights will be affected by the sale", however.  *Id.*  Accordingly, "Texas courts have held that purchasers of real property subject to a mortgage have standing to challenge a foreclosure sale."

---

[2] "Standing has both constitutional and prudential aspects." *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 460 n.9 (5th Cir. 2001) (citation omitted). The argument that a non-party to a mortgage lacks standing to contest a foreclosure of the mortgaged property implicates prudential standing. *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 570–71 (S.D. Tex. 2012), *aff'd*, 534 F. App'x 266 (5th Cir. 2013). Prudential standing encompasses "[j]udicially created limits" that concern whether: (1) a plaintiff's grievance falls within the zone of interests protected by the statute invoked, (2) the complaint raises a generalized grievance more properly addressed by the legislature, and (3) the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties. *Logan*, 263 F.3d at 460 n.9; *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). "Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 (5th Cir. 2011).

*Pizzini v. Bank of Am., N.A.*, No. SA-12-CV-308-XR, 2012 WL 1834052, at *2 (W.D. Tex. May 18, 2012) (collecting cases).

Plaintiff avers that he is and has always been the legal and equitable owner of the Property because he purchased it at a foreclosure sale. (doc. 1-5 at 2.) His title is purportedly evidenced by a recorded "foreclosure sale deed." (*Id.*) Taken as true for purposes of this motion, Plaintiff's contentions raise a reasonable inference that he has a legal or equitable interest in the Property that will be affected by Defendant's foreclosure. He therefore states a plausible claim that he has standing to challenge Defendant's foreclosure of the Property. *See Reeves*, 2013 WL 5960685, at *3 (holding that where the plaintiff alleged she acquired an "interest in the property via a recorded quit-claim" and made payments on the note, her "interest in the property [was] sufficient to challenge the validity of [the] Defendants' authority to foreclose") (citation omitted); *Kiper*, 884 F. Supp. 2d at 576 (holding that the plaintiff had standing to challenge the foreclosure of his home even though his wife was the sole borrower on the loan and signer under the deed of trust; finding that the home was presumptively "community property" and he therefore had an ownership interest in it). The motion to dismiss should be denied on this ground.

## C.      Show-me-the-Note (Authority to Foreclose)[3]

Defendant next contends that all of Plaintiff's claims are based on his "show-me-the-note" theory that it must produce the original note in order to foreclose. (doc. 5 at 11–12.) It argues that the claims fail as a matter of law because this theory is legally invalid. (*Id.* at 12.)

Plaintiff's complaint asserts that Defendant must produce the note "with the proper

---

[3]   Although Defendant lists and briefs these two issues separately, they are addressed together because they represent essentially the same contention by part of Plaintiff —that Defendant has "no authority to collect on the note" and conduct a non-judicial foreclosure sale because it is not the "holder" of the note. (*See* doc. 1-5 at 2–4.)

endorsements" to invoke the power of sale under the deed of trust.  (doc. 1-5 at 3.)  He claims that without the note, the deed of trust is "null and void and unenforceable."  (*Id.* at 4.)  Because Defendant has "provided no evidence" showing it is "the holder of the note," he argues, it has "no authority to collect on the note" and foreclose on the Property.  (*Id.* at 3–4.)

Plaintiff's allegation that Defendant cannot collect on the note and foreclose on the Property because it is not the holder of the note implicates the "show-me-the-note" theory.[4]  *See Bennett v. JPMorgan Chase*, No. 3:12-CV-212-N, 2012 WL 2864751, at *3 (N.D. Tex. June 12, 2012), *rec. adopted*, 2012 WL 2864467 (N.D. Tex. July 12, 2012).  "Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure."  *Wells v. BAC Home Loan Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at * 2 (W.D. Tex. Apr. 26, 2011) (internal quotations omitted).  The theory has been repeatedly rejected in this Circuit as having no merit.  *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) ("We find no [] Texas authority requiring production of the 'original' note. The original, signed note need not be produced in order to foreclose."); *Cervantes v. U.S. Bank Nat'l Ass'n*, No. 3:12-CV-0661-D, 2012 WL 1605558, at *3 (N.D. Tex. May 8, 2012) (collecting cases).

"Texas courts have refused to conflate foreclosure with enforcement of a promissory note." *Reardean v. CitiMortgage, Inc.*,  No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July

---

[4]  Plaintiff's allegation that the deed of trust is void apart from the note implicates the "split the note" or "bifurcation" theory. *See Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.*, No. 3:12–CV–0613–D, 2012 WL 2196040, at *3 (N.D. Tex. June 15, 2012) (Fitzwater, C.J.) (explaining that the plaintiff's "split the note" theory was based on its argument that because "MERS never held the Note . . . its assignment of the Deed of Trust . . . ha[d] no force or effect"); *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03–11–00644–CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug.30, 2012, no pet.) (mem.op.) ("[The] bifurcation theory originates in the concept that a note has no separate existence from its security, and an assignment of the security alone is a nullity.") This theory appears to be a variation of the "show-me-the-note" theory since it claims that possession of the note is a prerequisite to foreclosure.

25, 2011).   Under Texas law, promissory notes and deeds of trust are distinct obligations that afford

lenders distinct remedies upon default, "the note against the borrower and the lien against the real

property." *Bierwirth*, 2012 WL 3793190, at *3.   When the lender seeks a personal judgment against

the borrower, it "must typically demonstrate that it is the holder of the note by producing the original

wet-ink instrument."[5]   *Millet v. JP Morgan Chase, N.A.*, No. SA-11-CV-1031-XR, 2012 WL

1029497, at *3 (W.D. Tex. Mar. 26, 2012).   By contrast, "[f]oreclosure is an independent action

against the collateral" that "enforces the deed of trust, not the underlying note." *Reardean*, 2011 WL

3268307, at *3.

Chapter 51 of the Texas Property Code governs the procedure for enforcing the "power of

sale conferred by a deed of trust or other contract lien."   Tex. Prop. Code Ann. § 51.002 (West

2007).   Pursuant to the Code, both "a mortgagee and [a] mortage servicer may administer a deed of

trust foreclosure without production of the original note." *Crear v. JP Morgan Chase Bank, N.A.*,

No. 10-10875, 2011 WL 1129574, at *1, n. 1 (5th Cir. Mar. 28, 2011) (per curiam) (citing to Tex.

Prop. Code §§ 51.0002, 51.0025).   A "mortgagee" is "the grantee, beneficiary, owner, or holder of

a security instrument"; "a book entry system"; or "if the security interest has been assigned of

record, the last person to whom the security interest has been assigned of record."   Tex. Prop. Code

Ann. § 51.0001(4)(A)–(C). A "mortgage servicer" is "the last person to whom a mortgagor has been

instructed by the current mortgagee to send payments for the debt secured by a security instrument."

*Id.* § 51.0001(3).   A mortgagee may be its own mortgage servicer.   *Id.*

If the mortgagee is its own mortgage servicer, it may conduct a non-judicial foreclosure sale

---

[5]  The Texas Uniform Commercial Code (UCC) governs the procedure for establishing "holder" status. *See* Tex. Bus.
& Com. Code Ann. §§ 3.201, 3.203, and 3.204 (West 2002) (providing the requirements for the negotiation, transfer, and
endorsement of negotiable instruments).

by following the procedures provided by the Code.[6] *Martins*, 722 F.3d 255. The mortgagee need not produce the original note because its authority to foreclose is determined solely by its "relationship to the deed of trust, rather than the associated note." *Kramer v. Fannie Mae*, No. A–12–CA–276–SS, 2012 WL 3027990, at *7 (W.D. Tex. May 15, 2012); *see also Martins*, 722 F.3d at 255 (explaining that possession of the note is not a prerequisite to foreclosure since a "deed of trust gives the lender as well as the beneficiary [of the deed of trust] the right to invoke the power of sale, even though it would not be possible for both to hold the note") (internal quotations omitted).

Here, MERS, as Lender's nominee, assigned the deed of trust to Defendant on June 28, 2011. (doc. 6-3 at 1.) Upon the assignment, Defendant became the new mortgagee because it was the new beneficiary of the deed of trust (the "security instrument") and was "the last person to whom the security interest ha[d] been assigned of record." *See* Tex. Prop. Code Ann. § 51.0001(4)(A),(C). As mortgagee, Defendant had all the rights that Borrower granted Lender, including the power of sale upon default. *See id.*; (*see also* doc. 6-2 at 1.) Defendant could exercise that right without having to produce the original promissory note. *See Martins*, 722 F.3d at 255; *Asonibe v. Flagstar Bank, FSB*, No. 3:12-CV-2113-M BH, 2013 WL 1828842, at *6 (N.D. Tex. Apr. 5, 2013), *rec. adopted*, 2013 WL 1831747 (N.D. Tex. Apr. 30, 2013) ("As the new mortgagee, Defendant could foreclose on the Property upon Plaintiffs' default without having to produce the note or deed of trust.").

Accordingly, Plaintiff's contention that Defendant lacked authority to foreclose because it

---

[6] For instance, § 51.002(d) of the Tex. Prop. Code requires the mortgage servicer to provide to the debtor notice of default and intent to accelerate and to give the debtor an opportunity to cure the default within a minimum of 20 days. *See* Tex. Prop. Code § 51.002(d). If the mortgage servicer invokes the power of sale under the deed of trust, it must provide to the debtor notice of the time and place of the foreclosure sale at least 21 days prior to the date of the sale by posting notice in the county where the property is located, filing the notice with the office of the county clerk, and "serving written notice of the sale by certified mail on each debtor." *See id.* § 51.002(b).

was not the holder of the note cannot support any claim against Defendant as a matter of law. *See Islamic Ass'n*, 2012 WL 2196040, at *2–3. Moreover, Plaintiff does not allege or assert any facts showing that Defendant lacked standing to foreclose because it was neither the mortgagee nor the mortgage servicer. *See Bennett*, 2012 WL 2864751, at *3 (rejecting the plaintiff's allegation that the defendant could not foreclose where the allegation was based on his "show-me-the-note" theory and he "[did] not claim that [the defendant] was not the mortgagee or mortgage servicer on the mortgage loan, or [assert] any facts to support such allegations"). To the extent that Plaintiff's claims are based on his invalid "show-me-the-note" theory, the claims are subject to dismissal under Rule 12(b)(6) for failure to state a claim.

## D.    TDCPA

Defendant seeks dismissal of Plaintiff's claims under the TDCPA on grounds that apart from his invalid "show-me-the-note" allegations, he "does not allege any misrepresentation, misstatement, omission, or harassing conduct" on the part of Defendant. (doc. 5 at 13.)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-M BH, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012), *rec. adopted*, 2012 WL 5409749 (N.D. Tex. Nov. 5, 2012). The TDCPA defines "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection." Tex. Fin. Code Ann. § 392.001(6) (West 2006). In turn, "debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* § 392.001(5). This can include "actions taken in foreclosing [on] real property." *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *7 (N.D. Tex. Feb.

21, 2012) (citation omitted); *Swim v. Bank of Am.*, No. 3:11-CV-1240-M, 2012 WL 170758, at * 5 (N.D. Tex. Jan. 20, 2012).  Defendant's attempted foreclosure may therefore fall within the purview of the TDCPA.  *See Sanghera*, 2012 WL 555155, at *7.

      *1.*      *Sections 392.303(a) and 392.304(a)*

Section 392.303(a) prohibits a debt collector from using "unfair or unconscionable means that employ [certain prohibited] practices" during debt collection. Tex. Fin. Code Ann. § 392.303(a) (West 2005).  During debt collection, or obtaining information concerning a consumer, § 392.304(a) prohibits a debt collector from using "a fraudulent, deceptive, or misleading representation that employs [certain prohibited] practices." Tex. Fin. Code Ann. § 392.304(a) (West 2004).  Section § 392.304(a) lists 18 specific practices that violate the Act and includes a "catch-all" provision.  *See id.* § 392.304(a)(1)–(19).  For a party's statement to constitute a misrepresentation under § 392.304(a), that party "must have made a false or misleading assertion."  *Sanghera*, 2012 WL 555155, at *9.

Plaintiff complains that Defendant "engaged in actions to collect on the note" and these actions were "fraudulent, deceptive and/or misleading representations, actionable under . . . §§ 392.303 or 392.304" because Defendant lacked authority to collect on the note. (doc. 1-5 at 3.) First, Plaintiff does not identify a specific provision of §§ 392.303(a) or 392.304(a) or a particular "prohibited practice" that Defendant allegedly violated.  This failure alone warrants dismissal of any claims under these sections.  *See Iqbal*, 556 U.S.  at 678 (to survive dismissal, the complaint must provide sufficient "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Plaintiff also fails to explain what actions Defendant undertook to "collect" on the note.  To the extent he implicitly refers to Defendant's

attempt to foreclose on the Property, his allegations fail to raise a reasonable inference that this "action" was unconscionable, fraudulent, deceptive, or misleading because Defendant acquired the power of sale on default by virtue of MERS's assignment of the deed of trust, and Plaintiff does not allege there was no default on the loan. *See Asonibe*, 2013 WL 1828842, at \*6; (*see also* doc. 1-5 at 2–9.) Defendant could exercise the power of sale without producing the note. *See Martins*, 722 F.3d at 255. Lastly, the endorsed promissory note negates Plaintiff's contention that Defendant did not own or hold the note. (*See* doc. 6-1 at 2.) Accordingly, any claims under §§ 392.303(a) and 392.304(a) fail and should be dismissed for failure to state a claim. *See Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at \*6 (N.D. Tex. Aug. 29, 2012) (dismissing TDCPA claim where the plaintiffs neither pointed to specific provisions that the defendant allegedly violated, nor supplied sufficient facts to state a plausible claim for relief—other than their invalid theory that the defendant could not foreclose because it was not the holder of the note).

### 2.      *Section 392.301(a)(8)*

Section 392.301(a)(8) of the TDCPA provides: "In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ ... threatening to take an action prohibited by law." Tex. Fin. Code Ann. § 392.301(a)(8) (West 2006).

Here, Plaintiff argues that Defendant "is in violation" of § 392.301(a)(8) because it has "no authority to collect on the note or hold a substitute trustee's sale." (doc. 1-5 at 3.) This allegation could not plausibly entitle him to relief since Defendant did have the right to foreclose. As noted, although Plaintiff maintains that Defendant could not foreclose, he fails to allege there was no default on the mortgage or offer any other factual support for his challenge to Defendant's attempted foreclosure. Accordingly, the complaint fails to raise a reasonable inference that the attempted

foreclosure was an action prohibited by law.  *See Swim*, 2012 WL 170758, at * 5 ("[T]he TDCPA 'does not prevent a debt collector from. . . exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings.'") (citing to Tex. Fin. Code § 392.301(b)(3)); *Wildy v. Wells Fargo Bank, NA*, No. 3:12-CV-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012) (holding that "foreclosure or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on [his] mortgage").  Because Plaintiff fails to state a viable claim under § 392.301(a)(8), this claim should also be dismissed.

**E.**     **Suit to Quiet Title and Trespass to Try Title**

Defendant argues that "Plaintiff has failed to plead a plausible claim for quiet title and trespass to try title" because his claim of having superior title is factually unsupported. (doc. 5 at 15.)

A suit to quiet title, also known as a claim to remove cloud from title, "relies on the invalidity of the defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  This suit "enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right."  *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (citation and internal quotation marks omitted).  To prevail, a plaintiff must show that: (1) he has an interest in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable.  *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.)).  The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial

interference." *Id.* at 766–67 (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)). The plaintiff must prove and recover on the strength of his own title, not on the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001 (West 2000). This action "is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex. App.—Corpus Christi 1978, no writ.) (citations omitted). To prevail, a plaintiff must either: "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Hurd*, 880 F. Supp. 2d at 767 (citing *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)). As with a suit to quiet title, the plaintiff "must recover upon the strength of his own title and not the weakness of the defendant's title." *Rocha*, 574 S.W.2d at 236 (citing to *Hejl v. Wirth*, 343 S.W.2d 226 (Tex. 1961) and *Kauffman v. Shellworth*, 64 Tex. 179 (1885)).

Here, Plaintiff claims he purchased the Property at a foreclosure sale, and is and has "always been" the legal and equitable owner of the Property. (doc. 1-5 at 4.) He appears to allege that MERS's assignment of the deed of trust to Defendant did not convey any rights to Defendant, and it therefore lacks any interest in the Property. (*See id.*) He concludes that the attempted foreclosure "interferes with [his] ownership interest in the Property." (*Id.*) These allegations fail to explain how or why Plaintiff's purported title to or interest in the Property is superior vis-à-vis Defendant's. Moreover, the deed of trust and recorded assignment negate any allegation that MERS's assignment

15

did not convey Lender's interests in the Property to Defendant.  (*See* docs. 6-2 and 6-3.)  Since Plaintiff fails to state claims for quiet title and trespass to try title that are plausible on their face, these claims should be dismissed.[7]

## F.   <u>Breach of Contract</u>

According to Defendant, Plaintiff fails to state a plausible breach of contract claim because he: (1) is not a party to the deed of trust (i.e., the contract at issue); and (2) "wholly fails to identify any provision of any contract that [Defendant] allegedly breached."  (doc. 5 at 15.)

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach.  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

Plaintiff alleges that "Defendant's acts, omissions, and conduct . . . constitute breaches of the Deed of Trust and the related agreements."  (doc. 1-5 at 5.)  He does not identify, however, a valid agreement between him and Defendant.  The promissory note names Lindsey as the sole borrower and the deed of trust (the contract at issue) lists Lindsey as the sole grantor.  (*See* doc. 6-2 at 1.) Plaintiff also fails to specify which provisions of the deed of trust Defendant allegedly breached.  To the extent he refers to the section granting Lender the power of sale upon default, as previously discussed, he fails to allege or otherwise raise a reasonable inference that Defendant was

---

[7]   Plaintiff does not allege that he has lost possession of the Property to Defendant; his request for injunctive relief clarifies that his "request only applies if the Justice Court . . . should proceed with a forcible detainer action."  (doc. 1-5 at 5.)  His trespass to try title claim fails for this additional reason.  *See Hurd*, 880 F. Supp. 2d at 767 ("Since Plaintiff has failed to allege that she has lost possession of the property, her claim for trespass to try title fails and should be dismissed with prejudice.").

not entitled to invoke that right because there was no default.  His claim for breach of contract therefore fails and should be dismissed.  *See Kiper*, 884 F. Supp. 2d at 575 (holding that the plaintiff "ha[d] no viable claim for breach of contract against [the] Defendants because he [was] not a party to the Note [or] Deed of Trust" and the plaintiff's wife (the actual borrower) had "defaulted on her obligation to repay the mortgage loan, which mean[t] [the plaintiff] [could not] show the second element of a breach of contract claim, performance by plaintiff").

## G.   **RESPA**

Defendant also moves to dismiss Plaintiff's RESPA claim on grounds that he fails to identify which statutory sections Defendant allegedly violated and that the claim is otherwise factually unsupported.  (doc. 5 at 15–16.)

RESPA protects borrowers by "requir[ing] mortgage lenders to clearly and completely disclose settlement costs ... and prohibit[ing] predatory practices in the settlement process."  *Val-Com Acquisitions Trust v. Chase Home Fin. LLC*, 3:10-CV-1214-K, 2011 WL 1938146, at *3 (N.D. Tex. May 19, 2011); *see also* 12 U.S.C.A. §§ 2605–2608 (2011).

Plaintiff alleges that Defendant violated RESPA by failing to provide him with the "required disclosure statements and other disclosures" and by "fail[ing] to comply with [the] procedures required by the" Act.  (doc. 1-5 at 7.)  Notably, his claim is devoid of any factual content and reads more like a recitation of the elements of a RESPA violation than specific allegations of wrongdoing.  For instance, he does not identify the RESPA provisions that were violated, the particular disclosures that were not provided, the procedures that were not followed, or the precise manner in which Defendant purportedly violated the Act.  Because Plaintiff's allegations fail to state a plausible RESPA claim, this claim should be dismissed.  *See Twombly*, 550 U.S. at 556 (to state a

claim, the complaint must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

## H.    <u>Fraud and Misrepresentation</u>

Defendant seeks dismissal of the entire complaint on grounds that "Plaintiff has no basis in law or fact to succeed on any cause of action pleaded." (doc. 5 at 8.)

In his prayer for relief, Plaintiff states that "Defendant's conduct . . . constitutes fraud . . . and intentional misrepresentation." (doc. 1-5 at 8.) In Texas, the elements of fraud by misrepresentation are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010)).

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, No. 3:10-CV-1747-B, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements

were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations omitted).

Plaintiff contends that "by sending notices of acceleration . . . [and] intent to foreclose, and [by] posting the Property for foreclosure," Defendant represented that it was the holder of the note. (doc. 1-5 at 7.) However, its purported "refusal to produce the original note can lead to no other conclusion [] than Defendant is not in possession" of it. (*Id.*) Defendant's representations were therefore "false" and were made "with the intent to deceive" Plaintiff. (*Id.* at 8.) He "has incurred expenses and damages as a result of Defendant's [] fraudulent representations." (*Id.*)

Although Plaintiff attempts to establish the "who, what, when, where, and how" with respect to his fraud claim, he fails to allege any facts supporting an inference that Defendant *intended* him to act on its purported misrepresentations. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) ("[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b) … The plaintiffs must set forth *specific facts* supporting an inference of fraud[,] . . . such as identify[ing] circumstances that indicate conscious behavior on the part of the defendant.") (citations omitted) (emphasis in original). The complaint therefore fails to satisfy Rule 9(b)'s pleading requirements.

Any fraud claim also fails under Rule 12(b)(6). First, Plaintiff's request to enjoin the foreclosure sale and his eviction fails to show reasonable reliance on his part, and shows instead his attempt to contest Defendant's purportedly fraudulent actions. (*See* doc. 1-5 at 6, 9.) In addition, his allegation that Defendant must produce the note prior to foreclosing is based on a legally invalid

theory.  *See Martins*, 722 F.3d at 255.  Ultimately, the endorsed promissory note in Defendant's favor negates his contention that Defendant does not own or possess the note.  (*See* doc. 6-1 at 2.) To the extent Plaintiff asserts a fraud claim against Defendant, the claim fails and should be dismissed under both, Rule 12(b)(6) for failure to state a claim and Rule 9(b) for failure to meet the rule's heightened pleading requirements.

## I.   **Negligence**

As discussed, Defendant moves to dismiss the entire complaint arguing that "Plaintiff has no basis in law or fact to succeed on any cause of action pleaded."  (doc. 5 at 8.)

Also in the "relief" section of the complaint, Plaintiff avers that Defendant's conduct constituted "negligence." (doc. 1-5 at 8.) The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540–41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).

Plaintiff's conclusory allegation that Defendant committed negligence cannot plausibly entitle him to relief because he fails to specify the legal duty that Defendant owed him, the damages he suffered, and how he suffered such losses.  Accordingly, to the extent he asserts a negligence claim, the claim should be dismissed for failure to state a claim.  *See Twombly*, 550 U.S. at 556.

## J.   **Declaratory Relief**

According to Defendant, Plaintiff's request for declaratory judgment "should be denied as a matter of law" given his failure to state a viable cause of action.  (doc. 5 at 16.)

Plaintiff's complaint seeks relief under the Texas Declaratory Judgments Act, codified in

§§ 37.001–37.011 of the Texas Civil Practice & Remedies Code.[8]   (*See* doc. 1-5 at 5.)  "The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one."  *Brock v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)).  However, in light of removal from state court, the action may be construed as one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  *See Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (holding that "[w]hen a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act").

The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  The federal Declaratory Judgment Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law."  *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citations and internal quotation marks omitted).  The Act is an authorization and not a command, and allows federal courts broad, but not unfettered, discretion to grant or refuse declaratory judgment.  *Id.*

Plaintiff's requested declarations appear to be based on his invalid show-me-the-note theory.

_____

[8]  Plaintiff requests numerous declarations, including: (1) Defendant did not have the legal right to declare a default on the note "or foreclose on the security interest in the Property"; (2) the non-judicial foreclosure sale of the Property "was invalid"; (3) "Defendant is not the lawful owner of the Property"; and (4) the deed of trust is "invalid and unenforceable." (doc. 1-5 at 5, 8.)

(*See* doc. 1-5 at 2–9.)  Additionally, as discussed above, he has failed to allege any facts giving rise to a plausible substantive claim or suggesting a present genuine controversy between the parties. His request for declaratory judgment is therefore also subject to dismissal.  *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5–6 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.), *aff'd*, 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

**K.**     **Injunctive Relief**

Defendant last contends that Plaintiff's request for injunctive relief "is fatally defective" because he has stated no viable cause of action.  (doc. 5 at 16.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'"  *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).  Here, Plaintiff seeks a temporary restraining order, a temporary injunction, and a permanent injunction to prevent Defendant from foreclosing and evicting him from the Property.  (doc. 1-5 at 5–6.)  Because dismissal of Plaintiff's claims is warranted on the merits, he cannot establish any likelihood of success on the merits.  *See Jackson*, 2011 WL 3874860, at *3.  Accordingly, his request for injunctive relief should be dismissed.

## III.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, "district courts often afford plaintiffs

at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, C.J.)(citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint.  *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days).  Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Plaintiff has not amended his complaint since filing this action.  He failed to respond to Defendant's motion to dismiss despite the Court's invitation to do so.  (*See* doc. 7 (scheduling order).)  Although some claims appear to be premised on an invalid legal theory, it does not appear that he has pled his best case to the Court with respect to his claims for quiet title, trespass to try title, breach of contract, and RESPA violations.  He should therefore be accorded an opportunity to amend his complaint to sufficiently state a claim for relief.

## IV.  RECOMMENDATION

If Plaintiff does not file an amended complaint that states a claim for relief within the 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, Defendant's motion to dismiss should be **GRANTED,** and all of Plaintiff's claims against Defendant should be dismissed with prejudice.  If Plaintiff timely files an amended complaint, however, Defendant's

motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

      **SO RECOMMENDED** on this 3rd day of February, 2014.

                    IRMA CARRILLO RAMIREZ
                    UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                    IRMA CARRILLO RAMIREZ
                    UNITED STATES MAGISTRATE JUDGE