IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-2257-O |
| | § | |
| WELLS FARGO BANK, NATIONAL | § | |
| ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management. Before the Court is *Defendant's Motion to Dismiss*, filed December 10, 2014 (doc. 25). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

James Wilson (Plaintiff) filed this *pro se* action against Wells Fargo Bank, N.A. (Defendant) in the 14th Judicial District Court of Dallas County, Texas on May 13, 2013, as a result of the attempted foreclosure of real property located at 7662 Concordia Lane, Dallas, Texas 75241 (the Property).[1]  (doc. 1-5 at 2.)[2]

On June 4, 2013, the state court issued a Temporary Restraining Order, enjoining Defendant and its agents from proceeding with the foreclosure sale and evicting Plaintiff from the Property. (doc. 1-7at 1–3.)  Defendant removed the action to federal court on June 14, 2013, on the basis of

---

[1]Plaintiff's complaint asserted claims for trespass to try title, suit to quiet title, breach of contract, and violations of the Texas Debt Collection Practices Act and the Real Estate Settlement Practices Act (RESPA).  (doc. 1-5 at 2–7.)  It also appeared to assert claims for fraud and negligence.  (*See id.* at 8.)

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

federal question and diversity jurisdiction, and it moved to dismiss the complaint a few days later. (docs. 1, 5.) On February 3, 2014, it was recommended that notwithstanding his failure to state a claim, Plaintiff should be afforded an opportunity to amend his complaint to sufficiently state a claim for relief. (doc. 9 at 23.) The recommendation provided that if Plaintiff did not file an amended complaint within the fourteen-day objection period, or a deadline otherwise set by the Court, Defendant's motion to dismiss should be granted. (*Id*. at 23.) If Plaintiff timely filed an amended complaint, it was recommended that Defendant's motion to dismiss be denied as moot, and the case be allowed to proceed on the amended complaint. (*Id*. at 23-24)

Plaintiff filed an amended complaint and application for temporary injunction on February 25, 2014, in which he alleged that he was the trustee of the Property and asserted claims for violations of the Federal Trade Commission Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and RESPA. (doc. 10.) On March 3, 2014, Defendant filed an emergency motion to strike the amended complaint on the basis that Plaintiff purported to represent a trust, and that he could not do so because he is not a licensed attorney. (doc. 12 at 4-5.) The motion was denied, but Plaintiff was ordered to file a notice clarifying whether he was bringing this action only on his own behalf, on behalf of a trust, or both within fourteen days from the date of the order. (doc. 14 at 3.) He failed to comply with the order.

On April 14, 2014, each party was ordered to file a scheduling order proposal no later than May 5, 2014. (doc. 15.) Plaintiff failed to comply with the order.

On June 3, 2014, Defendant served discovery requests on Plaintiff. (*See* docs. 21; 21-2; 21-3; 21-4.) It filed a motion to compel on September 26, 2014, alleging that Plaintiff failed to respond at all, even after Defendant sent him correspondence advising him that the responses were overdue.

(docs. 20; 21-6.)

By order dated September 29, 2014, Plaintiff was allowed to file a response to the motion to compel no later than October 17, 2014, and a hearing was scheduled for October 21, 2014.  (doc. 22.)  The order required the parties to confirm their attendance at the hearing at least two days prior to the hearing, and it warned them that failure to confirm or attend the hearing without obtaining permission from the Court would result in appropriate sanctions.  (*Id.*)  Plaintiff failed to confirm his attendance, attend the hearing or otherwise contact the Court.  (doc. 23.)  The motion to compel was granted, and Plaintiff was ordered to produce answers to the interrogatories and requests for production as well as responsive documents, if any, within ten days from the date of the order.  (doc. 24.)  Defendant's requests for admission were deemed admitted.  (*Id.*)

On December 10, 2014, Defendant moved to dismiss the action due to Plaintiff's failure to prosecute and comply with discovery.  (doc. 25.)  Plaintiff did not file a response to the motion.

On December 12, 2014, Defendant filed a notice of Plaintiff's failure to communicate with it regarding scheduling the required mediation.[3]  (doc. 28 at 1.)  It contended that throughout the course of the litigation, Plaintiff had failed to respond to its attempts to communicate regarding various issues related to the litigation.  (Id.)  It also noted that the telephone number Plaintiff provided Defendant was not a working number, and correspondence it mailed to Plaintiff had often been returned as "unclaimed."  (*Id.*)  Finally, on December 19, 2014, Defendant filed its estimate of trial length and status report concerning the progress of settlement negotiations, in which it reported that it was unable to contact Plaintiff to confer regarding the report or settlement.  (doc. 29

---

[3]The May 6, 2014 scheduling order provided, in part, that discovery should be initiated in time to be completed by November 28, 2014, that the parties were to mediate no later than December 12, 2014, and that the parties must file a joint estimate of trial length and joint status report concerning the progress of settlement negotiations no later than December 19, 2014.  (doc. 17 at 1-2.)

at 2.)  It also stated that it was unable to provide a meaningful estimate of expected length of trial

because Plaintiff failed to respond to discovery and the order that he clarify whether he was bringing

this action only on his behalf, on behalf of a trust, or both.  (*Id.*)

Plaintiff has failed to file anything since his amended complaint on February 25, 2014.

## II.  INVOLUNTARY DISMISSAL

Defendant moves to dismiss this action with prejudice under Fed. R. Civ. P. 41(b) of the

Federal Rules of Civil Procedure for failure to prosecute as well as Fed. R. Civ. P. 37(b)(2)(A)(v)

for failure to comply with discovery.  (doc. 25 at 4-5.)

A.      **Rule 41(b)**

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a
> defendant may move to dismiss the action or any claim against it.  Unless the
> dismissal order states otherwise, a dismissal under this subdivision (b). . .operates as
> an adjudication on the merits.

FED. R. CIV. P. 41(b).  It is well-established that in the Fifth Circuit, dismissals with prejudice under

Rule 41(b) are affirmed "only when (1) there is a clear record of delay or contumacious conduct by

the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not

prompt diligent prosecution, or the record shows that the district court employed lesser sanctions

that proved to be futile."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Additionally, courts have usually found "at least one of three aggravating factors: (1) delay caused

by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay

caused by intentional conduct."  *Id.* (citations omitted); *Sealed Appellant v. Sealed Appellee*, 452

F.3d 415 (5th Cir. 2006).

This case presents a clear record of delay and contumacious conduct.  Plaintiff has failed to

comply with an order that he clarify whether he brings this action on behalf of himself, a trust, or both.  (doc. 25 at 2, 5.)  He failed to attend a hearing regarding Plaintiff's motion to compel discovery responses despite  a warning that failure to appear would result in sanctions.  (*See* docs. 22, 23.)  He has failed to respond to any of Defendant's discovery requests, even after he was ordered to do so.  (*See* doc. 25 at 3.)  According to Defendant's filings, he has refused to respond to any of Defendant's efforts to communicate with him regarding discovery; the requirements of the scheduling order, including his availability to conduct mediation, the required joint estimate of trial length and status report; and other matters regarding his case.  (*See* docs. 25, 28, 29.)  Defendant reported that several of its communications sent via certified mail, return receipt requested, have been returned "unclaimed", and the phone number Plaintiff gave is not a working number.  (*See* doc. 28 at 1.)  This behavior and lack of action since February 25, 2014, represents a "significant period[ ] of inactivity.  *See  McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988); *see also Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976), citing *Murrah v. Fire Ins. Exchange*, 480 F.2d 613 (5th Cir. 1973) (delay of 15 months) and *Salmon v. City of Stuart*, 194 F.2d 1004 (5th Cir. 1952) (no action taken for 15 months).

Further, "lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982) (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)).  The order for Plaintiff to appear at the hearing on the motion to compel and to confirm his attendance explicitly warned that sanctions could be imposed on a party that failed to comply with the order.  (*See* doc. 22.)  This warning had no effect, and he failed to comply.  (doc. 23.)  The requests for admissions were deemed admitted, and he was ordered to respond to the other discovery requests, but he failed to do so.  (See doc. 24; doc. 25 at 3.)  Given that these lesser sanctions were

ineffective, additional warnings or orders to pay attorneys' fees or a fine would likely not be effective in prompting his participation in this lawsuit. Because he has provided no discovery at all, exclusion of evidence or witnesses not disclosed, as suggested in *Farmer v. Louisiana Electronic and Financial Crimes Task Force*, 553 F. App'x 386, 389 (5th Cir. Jan. 16, 2014), would likely also not be effective. Given Plaintiff's complete failure to participate in this lawsuit thus far beyond filing an amended complaint, a conditional dismissal such as that suggested in *McNeal*, 842 F.2d at 793, would not appear to prompt action by him. Moreover, the fourteen-day period for him to object to the recommendation of dismissal will afford the same opportunity to avoid dismissal as a conditional dismissal. Accordingly, lesser sanctions would be futile. *See McMillan v. Colvin*, No. 3:12-CV-4729, 2013 WL 5637378, at *2 (N.D.Tex. Oct. 15, 2013) (finding lesser sanctions would be futile and a dismissal with prejudice was warranted where the plaintiff failed to respond to the court's orders despite a warning that failure to respond may result in dismissal of her case, and where she had not taken any action in the case in the past thirteen months).

Finally, at least two of the aggravating factors can be found in this case. The delay has been caused by Plaintiff. He is proceeding *pro se*, and therefore his conduct cannot be attributed to anyone else. *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 Fed. App'x. 329, 334 (5th Cir. June 14, 2013) (noting that given her *pro se* status, the plaintiff's conduct was attributable to no one but herself); *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (same); *see also Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (same). As for prejudice, Defendant has shown that Plaintiff's continued failure to provide any discovery hampers its ability to defend this case. *See Paskauskiene*, 527 F. App'x. at 334 (finding that the defendant faced substantial prejudice in defending itself in the litigation without the ability to take the plaintiff's deposition). Plaintiff's

refusal to respond to discovery or to communicate with Defendant in order to comply with the scheduling order has hampered its ability to defend the case.  All the pretrial deadlines in the case have passed.  (*See* docs. 17, 29.)

Plaintiff has chosen not to cooperate in discovery or in this lawsuit and has essentially abandoned his case. Dismissal with prejudice under Rule 41(b) is therefore appropriate. *See Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 412-13 (5th Cir. June 7, 2006) (affirming dismissal of an employment lawsuit with prejudice because the plaintiff had been uncooperative with the discovery process for about five months and then had completely disappeared after having skillfully prosecuted her case *pro se* up to that point); *Morgan v. Grande Commc'nc Network, LLC*, 3:12-CV-5197-N, 2014 WL 3706620, at *2 (N.D.Tex. July 25, 2014)(dismissing a case with prejudice where the plaintiff failed to respond to a court order to appear at a hearing, filed nothing for more than one year, and ignored a warning that sanctions could be imposed).

## B.   Rule 37(b)

Rule 37(b)(2)(A)(v) provides that if a party fails to obey an order to provide discovery, the court may dismiss the action or proceeding in whole or in part.  While Rule 37 allows for dismissal as a discovery sanction, "[l]itigation-ending sanctions are, by their very nature, the last resort." *Fuqua v. Horizon/CMS Healthcare Corp.*, 199 F.R.D. 200, 204 (N.D. Tex. 2000) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)).  "Nevertheless, in certain circumstances, they are justified 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'"  *Id.* (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)).  The Fifth Circuit has articulated several factors that must be present before dismissal as a discovery sanction

is justified, including that (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) the violation is "attributable to the client instead of the attorney"; (3) the violation "substantially prejudice[s] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *FDIC*, 20 F.3d at 1380-81.

As already found, this case presents a clear record of delay and contumacious conduct. As noted above, Plaintiff has failed to comply with orders to attend a hearing on Defendant's motion to compel and to respond to Defendant's discovery requests. He has refused to communicate with Defendant. He has failed to show that his failure to comply with the orders and to cooperate with Defendant is a result of a misunderstanding or an inability to comply rather than willfulness. *See Yazdchi v. American Honda Finance Corp.*, 217 F. App'x 299, 302 (5th Cir. 2007); *Rickman v. Akash Hotels, Internationals*, No. 3:08-CV-1777, 2010 WL 3783980, at *3 (N.D.Tex. Aug. 30, 2010), *rec. adopted*, 2010 WL 3783962 (N.D.Tex. Sept. 27, 2010). As outlined above, Plaintiff's conduct in this case is attributable only to him and has substantially prejudiced Defendant. Based on his continued blatant disregard of court orders and failure to show that he intends to comply with the orders, the Court finds that a lesser sanction than dismissal with prejudice would not substantially achieve the necessary deterrent effect.

Because Plaintiff has chosen not to cooperate in discovery. dismissal with prejudice on this basis is therefore also appropriate. *See Oviedo*, 184 F. App'x 411, 412-13 (5th Cir. June 7, 2006) (affirming dismissal with prejudice because the plaintiff had been uncooperative with the discovery process for about five months and then had completely disappeared after having skillfully prosecuted her case *pro se* up to that point); *Wright v. Robinson*, 113 Fed. App'x 12, 15-16 (5th Cir.

2004)(upholding a dismissal with prejudice where a plaintiff failed to cooperate in the discovery process, ignored the court's discovery order, and ignored the court's warning regarding the discovery order).

### III. RECOMMENDATION

This case should be dismissed with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute, and alternatively, under Fed. R. Civ. P. 37(b)(2)(A)(v) for failure to comply with discovery.

**SO RECOMMENDED on this 16th day of June, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9